In the Matter of OVERHILL BUILDING COMPANY, Respondent, v. ROBERT E. DELANY et al., Constituting the Board of Appeals of the Village of Scarsdale, et al., Appellants.—

No opinion. Hopkins, Acting P. J., Latham and Brennan, JJ., concur; Martuscello and Benjamin, JJ., dissent and vote to reverse the judgment, to dismiss the proceeding on the merits, and to reinstate the determination of the Board of Appeals, with the following memorandum: Petitioner owns an office building in the Business A zone of Scarsdale; it has garage space for 117 automobiles. In 1955, when the building was constructed, the zoning ordinance did not require any off-street parking facilities for office buildings, but the current ordinance requires about 306 parking spaces for a building of this size. Consequently, the building is now nonconforming in this respect. In February, 1970 petitioner applied for a variance to permit the conversion of 1,850 square feet of garage space to office space. That conversion would have eliminated 12 of the existing parking spaces and in addition would have increased the required number of such spaces by 12 because of the enlargement of the office space. It thus would have materially increased the nonconformity of the building, in violation of section 12–16–1 (subds. [b], [c]) of the Scarsdale Zoning Ordinance, which prohibits the enlargement of any nonconforming use. Mainly for this reason, the Board of Appeals denied petitioner's application. Special Term has annulled the board's determination (citing *Matter of Fulling* v. *Palumbo,* 21 N Y 2d 30) on the theory that petitioner would realize an additional $25,000 in annual income if the variance were granted, and the restriction does not serve public health, safety or welfare because (a) the garage space is not now fully utilized, (b) it will remain adequate if the variance is granted and (c) all buildings in the area are now nonconforming with respect to garage space. We think Special Term's decision was erroneous. It is basic that nonconforming uses may not be enlarged as a matter of right (*Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39, 42), and prohibitions or limitations upon their enlargement accord "with the policy of law and the spirit of zoning that non-conforming uses are to be restricted and eventually terminated" (2 Rathkopf, Law of Zoning and Planning, p. 59-2). The rationale for this policy is well stated in Anderson, American Law of Zoning (vol. 1, p. 309), which says this: "Uses of land which do not conform to the comprehensive zoning ordinances of the community have been a source of deep concern to the legislators and planners since the first * * * [zoning] ordinance was enacted by the city of New York. These nonconforming uses limit the effectiveness of land-use controls and share responsibility for the

blight which has infected some urban areas. Municipal attorneys, urban planners, and law review commentators agree that nonconforming uses imperil the success of the community plan." Close to the present case was *Matter of Crossroads Recreation* (*supra*) where the owner of a nonconforming gas station sought a variance to enlarge and modernize its facilities. There the Court of Appeals affirmed this court's confirmation of the denial of the variance because the property owner had not shown that the property could not yield a reasonable return in its existing nonconforming condition and instead had merely shown that it could yield a greater return if the variance were granted; this, said the Court of Appeals, was not enough to justify the variance. (Cf. *Contino* v. *Incorporated Vil. of Hempstead*, 27 N Y 2d 701, revg. on dissenting opinion of this court 33 A D 2d 1043; *Matter of 113 Hillside Ave. Corp.* v. *Zaino*, 27 N Y 2d 258.) In light of the well-established zoning policy to restrict and eventually terminate nonconforming uses because they impede sound community planning and the upgrading of urban areas, in light of the Scarsdale Zoning Ordinance embodying that policy by proscribing the enlargement of existing nonconforming uses, in light of the village's attempt to upgrade the subject area by enacting an ordinance requiring substantial off-street parking facilities for office buildings thereafter erected, in light of the fact that the grant of the variance sought by petitioner would have increased the nonconformity of the building and thus would have made the intended future upgrading of the area even more difficult, and in light of the fact that petitioner did not show inability to obtain a reasonable return from the property in its present condition, but merely that a greater return could be obtained if the variance were granted and nonconformity increased, it was not an unreasonable exercise of discretion to deny the application for a variance and there clearly was a rational basis for that determination by the Board of Appeals.